UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN L. BOWMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant. | No.  2:12-cv-0527 DAD<br><br><br>ORDER |

   This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, plaintiff's motion is denied, defendant's motion is granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

PROCEDURAL BACKGROUND

   On December 1, 2009, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("the Act"), alleging disability beginning on November 15, 2002.  (Transcript ("Tr.") at 129-31.)  Plaintiff's application was denied initially, (id. at 74-77), and upon reconsideration.  (Id. at 96.)  Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 3, 2011.  (Id. at 33-65.)  Plaintiff was represented by "a non-attorney representative" and testified at the administrative

hearing.  (Id. at 15.)  The ALJ issued a partially favorable decision on May 24, 2011.  (Id. at 25.)
The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset date of November 15, 2001 (sic) (20 CFR 404.1571 *et seq.*).
>
> 3. Since the alleged onset date of disability, November 15, 2002, the claimant has had the following severe impairments: status post lumbar fusion, myalgia, chronic back pain and postlaminectomy syndrome (20 CFR 404.1520(c)).
>
> 4. Since the alleged onset date of disability, November 15, 2002, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that prior to June 30, 2010, the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except for limitations to standing or walking a total of 4/8 hours but no limitations in sitting.  She was limited to frequently pushing and pulling using the lower extremities.  She was limited to occasionally climbing, ramps or stairs, occasionally kneeling, stooping, crouching or crawling but frequently balancing.  The claimant had an unlimited ability to understand, remember and carry out simple tasks and was able to make simple work-related judgments.  She had an unlimited ability to interact appropriately with the public, supervisors or coworkers and an unlimited ability to respond appropriately to usual work situations.
>
> 6. After careful consideration of the entire record, the undersigned finds that beginning on June 30, 2010, the claimant has the residual functional capacity to perform less than sedentary work as defined in 20 CFR 404.1567(a): she could not sustain competitive work on a regular and ongoing basis.
>
> 7. Since November 15, 2002, the claimant has been unable to perform any past relevant work (20 CFR 404.1565).
>
> 8. Prior to the established disability onset date, the claimant was a younger individual age 18-49.  The claimant's age category has not changed since the established disability onset date (20 CFR 404.1563).
>
> 9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

/////

> 10.  Prior to June 30, 2010, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Beginning on June 30, 2010, the claimant has not been able to transfer job skills to other occupations at any exertional level (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 11.  Prior to June 30, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).
>
> 12.  Beginning on June 30, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).
>
> 13.  The claimant was not disabled prior to June 30, 2010, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g)). A medical review should be conducted twelve (12) months following the date of this decision.

(Id. at 17-25.)

On February 7, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 2-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 28, 2012.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th

1  Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either

2  affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,

3  298 F.3d 1072, 1075 (9th Cir. 2002).

4        A five-step evaluation process is used to determine whether a claimant is disabled.

5  20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

6  process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

17  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

18        The claimant bears the burden of proof in the first four steps of the sequential

19  evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears

20  the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180

21  F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

23        In her pending motion plaintiff argues that in finding that plaintiff was not disabled

24  prior to June 30, 2010, the ALJ improperly rejected plaintiff's own testimony concerning her

25  subjective symptoms without a clear and convincing reason for doing so.  (Pl.'s MSJ (Doc. No.

26  15) at 18-22.[1])

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id. at 959.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning

the intensity, persistence and limiting effects of those symptoms was not credible prior to June 30, 2010, to the extent that the statements were inconsistent with the ALJ's residual functional capacity ("RFC") determination. (Tr. at 20.)

In support of this finding the ALJ noted that plaintiff's allegations that prior to June 2010 plaintiff was in such severe pain that she could not stand or walk for more than 15 to 20 minutes were inconsistent with her work history. (Id.) In this regard, plaintiff testified that two years prior to the May 3, 2011 administrative hearing, she was working for Orchard Supply Hardware, under a modified work schedule, doing "anything from working on the floor, paint, housewares and . . . money room and cashiering." (Id. at 35, 43-44.) The ALJ is permitted to consider such evidence in evaluating a claimant's credibility. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."); cf. 20 CFR § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

The ALJ also noted that the intensity, persistence and limiting effects of plaintiff's alleged symptoms prior to June 2010 were "inconsistent with the treating record from Mercy." (Tr. at 20.) In this regard, plaintiff's medical treatment records from Mercy generally reflect that, although plaintiff's alleged disability onset date was November 15, 2002, she experienced "pain relief after" her 1992 fusion procedure until she fell in October 2007. (See id. at 248, 260, 290, 325, 337.) The ALJ is also permitted to consider such evidence in evaluating a claimant's credibility. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("These inconsistencies [lab reports contradicting plaintiff's subjective complaint] constitute significant and substantial reasons to find Parra's testimony less than completely credible."); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the

medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); Light, 119 F.3d at 792 (in weighing claimant's credibility ALJ may consider "testimony from physicians"); see also Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (evidence that plaintiff did not seek an aggressive treatment program properly considered in evaluating credibility of plaintiff's claim of disabling pain).

Accordingly, the court finds that in this case the ALJ did offer specific, clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of her subjective symptoms.

## CONCLUSION

The court has found that plaintiff is not entitled to summary judgment in her favor with respect to the sole argument advanced in her complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is denied;

2. Defendant's cross-motion for summary judgment (Doc. No. 16) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

Dated: August 26, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\bowman0527.ord.docx